# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## EMPLOYMENT DISCRIMINATION COMPLAINT FOR PRO SE LITIGANTS IN ACTIONS FILED UNDER
42 U.S.C. § 2000e, *et seq.*, (Title VII of the Civil Rights Act)
29 U.S.C. § 621, *et seq.*, (Age Discrimination in Employment Act); or
42 U.S.C. § 12112, *et seq.*, (Americans with Disabilities Act)

__Robert Durell Benjamin Fintroy__
*(Write the full Name of each Plaintiff who is filing this complaint. If the names of all the Plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

v.

__Morgan Auto Group__,

_____,
*(Write the fill name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

**Case No.:** 1:29cv9 AW/GRJ
*(To be filled in by the Clerk's Office)*

**Jury Trial Requested?**
☒ **YES** ☐ **NO**



NDFL Pro Se 7 (Rev. 12/16) Complaint Employment Discrimination
ClerkAdmin/Official/Forms

1

## I. PARTIES TO THIS COMPLAINT

A. Plaintiff

1. Plaintiff's Name: Robert Durell Benjamin Flintroy

   Address: 5400 NW 39th Avenue

   City, State, and Zip Code: Gainesville, Fl, 32606

   Telephone: _____ (Home) (352) 215-4118 (Cell)

2. Plaintiff's Name: Robert Durell Benjamin Flintroy

   ★ Mailing Address: 1401 North Main Street PO BOX #6134

   City, State, and Zip Code: Gainesville, Fl, 32627

   Telephone: _____ (Home) (352) 215-4118 (Cell)

   *(Provide this information for any additional Plaintiffs in this case by attaching an additional page, as needed.)*

B. Defendant(s)

1. Defendant's Name: Morgan Auto Group

   Name of Employer *(if relevant)*: _____

   Address: 3031 North Rocky Point Drive West Suite 770

   City, State, and Zip Code: Tampa, Florida, 33607

2. Defendant's Name: _____

   Name of Employer *(if relevant)*: _____

   Address: _____

   _____

   City, State, and Zip Code: _____

   *(Attach a page to provide this information for any additional Defendants.)*

## II. BASIS FOR JURSIDICTION

This case is brought for discrimination in employment pursuant to:

*(Check all that apply)*

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. § 2000e - § 2000e-17 *(race, color, gender, religion, national origin)* ***(Note: To bring a federal lawsuit under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)***

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. § 621 to § 634. ***(Note: To bring a federal lawsuit under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)***

☑ Americans with Disabilities Act of 1990 [A.D.A.], as codified, 42 U.S.C. § 12112 to § 12117. ***(Note: To bring a federal lawsuit under the A.D.A.,***

*you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other Federal Law (*be specific*): _____

_____

☐ Relevant State Law (*specify, if known*): _____

_____

☐ Relevant City or County Law (*specify, if known*): _____

_____

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do. Identify how each named Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

① Was Employed through Morgan Auto Group. Was Injured in an Automotive accident not work related, sought medical treatment.

ClerkAdmin/Official/Forms

4

*you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other Federal Law (*be specific*): _____

_____

☐ Relevant State Law (*specify, if known*): _____

_____

☐ Relevant City or County Law (*specify, if known*): _____

_____

## III. STATEMENT OF CLAIM

Write a short and plain statement of your claim. Do not make legal arguments or quote from cases. State the facts which show what happened, as well as where and when it happened. State how each Defendant was involved and explain what a Defendant did or did not do. Identify how each named Defendant caused you harm or violated federal law. Write each statement in numbered paragraphs, limited as far as practicable to a single event or incident. If more than one claim is asserted, number each claim, and ensure that a short and plain statement of facts supporting each claim is included in the facts alleged. Attach no more than two (2) additional pages to state your claim.

① Was Employed through Morgan Auto Group. Was Injured in an Automotive accident not work related, sought medical treatment.

**Statement of Claim, Continued** *(Page ___ of ___)*

On 11/5/18 was sent Light Duty Paperwork through email, stating for me to fill out and return, so Morgan Auto Group can get me working on Light Duty. On 11/13/18 Light Duty Paperwork was faxed with confirmation number. Through email I asked when I could return to work, received no response, sent multiple forwarded emails re-asking same question and two others. After weeks of no response, I received answer to one of my questions, Light Duty employement was still ignored. I asked if all my concerns could be addressed and not be ignored. I then received an email from Morgan Auto Group, when I am released for Full Duty, Morgan Auto Group will be glad to have me back, email sent 12/13/18. On 11/23/18 I stated in an email I turned in my Light Duty Paperwork.

② Other employees were Injured and allowed to be employed by Morgan Auto Group of other ethnicities. I believe I am being discriminated against with retaliation because of my Race and disability, violating the Americans with Disabilities Act and the Civil Rights Act Title VII. Prior to injury Morgan Auto Group also treated differently and more favorably injured and non-injured employees.

NDFL Pro Se 7 (Rev. 12/16) Complaint Employment Discrimination
ClerkAdmin/Official/Forms

5

A. The discriminatory conduct at issue includes (*check all that apply*):

☐ Failure to hire

☑ Termination of employment

☐ Failure to promote

☑ Failure to accommodate disability

☑ Unequal terms and conditions of employment

☑ Retaliation

☐ Other acts (*specify*): **Harassment**

*(**ATTENTION:** Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission may be considered by the federal district court under the federal employment discrimination statutes.)*

B. The alleged discriminatory acts occurred on: **12/13/20 and prior**

☐ Plaintiff sought employment with Defendant on _____ or

☑ Was employed by Defendant from **3/1/18 ?** until **12/13/20**

C. The location where Plaintiff was employed or sought employment was:

Address: **3801 North Main Street**

City, State, and Zip Code: **Gainesville, Florida, 32609**

## IV. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. Plaintiff filed charges against Defendant with the Equal Employment Opportunity Commission or the Florida Commission on Human Rights on: __2/13/19 earliest date found, was filed before 2/13/19__

B. Respondent(s) named on the charging document were: __Honda of Gainesville__

*(If possible, attach a copy of the charges filed.)*

C. The Equal Employment Opportunity Commission: *(check one)*

☐ Has not issued a Notice of Right to Sue letter.

☑ Issued a Notice of Right to Sue letter which I received on __10/14/20__

***(Note: You must attach a copy of the Notice of Right to Sue letter received from the Equal Employment Opportunity Commission to this complaint.)***

D. As claimed in the Equal Employment Opportunity Commission charging document, Defendant discriminated against Plaintiff because of Plaintiff's:

☐ Gender/Sex *(please identify)* _____

☑ Race *(please identify)* __Title VII of Civil Rights Act - African American__

☐ Color *(please identify)* _____

☐ Religion *(please identify)* _____

☐ National origin *(please identify)* _____

☐ Disability/Perceived Disability *(please identify)* <u>Herniated and Bulging Disks</u> - *Americans with Disability Act*

☐ Age *(please provide your year of birth only if you asserting a claim for age discrimination)* _____

☐ Other *(please identify)* _____

E. Plaintiff:

☐ Filed charges concerning this discrimination with the Florida Commission on Human Relations on ; or

☒ Did not file.

F. If asserting a claim for age discrimination, please indicate the amount of time that has elapsed since filing your charge of age discrimination with the Equal Employment Opportunity Commission regarding the Defendant's alleged discriminatory conduct *(check one)*:

☒ 60 days ore more have elapsed.

☐ Less than 60 days have elapsed.

G. If this is a disability-related claim, did Defendant deny a request for a reasonable accommodation? ☒ Yes  ☐ No

Explain: <u>Stated I must be fully healed to return to work after issuing and receiving and be knowledgeable of Light Duty Paper Work being turned in</u>

H. The facts as set forth above in Section III of this complaint:

☑ Are still being committed by Defendant against Plaintiff

☐ Are no longer being committed by Defendant against Plaintiff

I. Plaintiff:

☐ Still works for Defendant

☑ No longer works for Defendant

☐ Was not hired

## V. RELIEF

Briefly state what damages you are requesting and include the amounts of any actual damages claimed and the basis for these amounts. Include any punitive or exemplary damages requested and state the reasons you believe you are entitled to such damages:

Monetary Damages for Pain and Suffering caused by loss of Medical Insurance, hindering healing and treatment opportunities, causing more damage and Pain and Suffering. Breach of Contract with Morgan Auto Group Handbook and Laws. Compensatory Damages - loss of Income, raises, Paid time off, debt caused by unemployment, cost to find other job, and job expenses. Punitive Damages - Clear malicious, discriminating acts done by Morgan Auto Group and acts allowed, supported, and known by employees in multiple positions and all levels. Seeking max rewards in all forms of Damages.

Plaintiff also requests that the Court grant the following relief to Plaintiff:

☐ Defendant be directed to employ Plaintiff

☐ Defendant be directed to re-employ Plaintiff

☐ Defendant be directed to promote Plaintiff

☐ Defendant be directed to take corrective and preventive measures to cure discrimination in the workplace

☑ Plaintiff seeks costs and fees involved in litigating this case and such other relief as may be appropriate, including attorney's fees, if applicable.

## VI. CERTIFICATION

As required by Federal Rule of Civil Procedure 11, I certify by signing below that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 1/12/21   Plaintiff's Signature: R. Durell Flintroy

Printed Name of Plaintiff: Robert Durell Benjamin Flintroy

Address: 5900 NW 39th Avenue Gainesville Florida 32606

★ Mailing Address: 1401 North Main Street PO BOX #6134 Gainesville Florida 32627

E-Mail Address: rflintroy@yahoo.com

Telephone Number: (352) 215-4118

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Robert D. Flintroy<br>3465 NW 50th Ave<br>Gainesville, FL 32605 | From: | Miami District Office<br>Miami Tower, 100 S E 2nd Street<br>Suite 1500<br>Miami, FL 33131 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 510-2019-01348 | **EDRAS REGISME,** Investigator | (786) 648-5819 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Twanya Westmoreland     October 14, 2020

| Enclosures(s) | **BRADLEY A. ANDERSON,**<br>**Acting District Director** | *(Date Mailed)* |
|---|---|---|

cc:   **Respondent's Legal Representative**

**HONDA OF GAINESVILLE**
c/o Douglas J. Lapointe, ESQ
**CAMERON HODGES COLEMAN LAPOINTE & WRIGHT, P.A.**
111 N. Magnolia Avenue, Suite 1350
Orlando, FL 32801

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.